■ JOSEPH WALDMAN, Respondent, v DONG KOOK CHANG et al., Defendants, and THOMAS HOLCOMB, Appellant.—In an action to recover damages for personal injuries arising from an automobile accident, the defendant Thomas Holcomb appeals from so much of an order of the Supreme Court, Kings County (Williams, J.), dated September 18, 1989, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Thomas Holcomb, and the action against the remaining defendants is severed.

We agree with the defendant's contention that the plaintiff failed to establish a prima facie case that he sustained "serious injury" within the meaning of Insurance Law § 5102 (d). The affirmation of the plaintiff's treating physician indicated that the plaintiff suffered a 15% limitation in the range of motion of his cervical spine and back as a result of injuries sustained in the instant automobile accident. However, we find the physician's affirmation to be merely "conclusory assertions tailored to meet statutory requirements" (Lopez v Senatore, 65 NY2d 1017, 1019). Furthermore, the balance of the evidence, including the plaintiff's own deposition testimony and hospital records, fail to show any such limitation.

Even assuming that a restriction of motion were demonstrated, the plaintiff failed to prove that it constituted a significant limitation of use of a body organ or member so as to meet the threshold requirement for maintaining this action. It is well established that a minor limitation of movement is not significant within the meaning of the statute (see, Licari v Elliott, 57 NY2d 230; Konco v E.T.C. Leasing Corp., 160 AD2d 680; Ciaccio v J & R Home Improvements, 149 AD2d 558; Palmer v Amaker, 141 AD2d 622). Accordingly, the Su-

preme Court erred in denying the defendant's motion for summary judgment. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.