■ Vicky Giannakis, Respondent, v Angeliki Paschilidou et al., Appellants, et al. Defendant. [622 NYS2d 112] —In an action to recover damages for personal injuries, the defendants Angeliki Paschilidou and George Paschalides appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated June 17, 1993, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a "serious injury" as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion by the appellants is granted, the complaint is dismissed insofar as asserted against

the appellants, and the action against the remaining defendant is severed.

The appellants made a prima facie showing that the plaintiff had not sustained a "serious injury" as defined by Insurance Law § 5102 (d).

The only medical evidence which the plaintiff submitted in opposition to the motion, an affirmation prepared by Dr. Howard Balensweig, was insufficient to defeat the motion. In his affirmation, Dr. Balensweig failed to cite any objective tests which he performed on the plaintiff or the extent or degree of the limitation in the movement of her cervical spine and its duration *(see, Beckett v Conte,* 176 AD2d 774). We further stress that the mere use of the words "significant limitation" and "consequential limitation" in the affirmation, which in this case was clearly tailored to meet the statutory requirement, is insufficient to establish "serious injury" *(see, Gaddy v Eyler,* 79 NY2d 955; *Lopez v Senatore,* 65 NY2d 1017). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.