■ NANCY MEDINA et al., Respondents, v ZALMEN REIS AND ASSOCIATES, INC., et al., Appellants. [658 NYS2d 36] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated May 23, 1996, which denied their motion for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Nancy Medina.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint insofar as asserted on behalf of Nancy Medina is dismissed.

We agree with the defendants' contention that the plaintiff

Nancy Medina failed to establish a prima facie case that she sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). The affirmation of Medina's examining physician, dated over three years after the accident, indicates that forward flexion of Medina's lumbosacral region was limited to 20 degrees and that this injury was "causally related" to the instant accident. However, the physician's affirmation was insufficient to establish that Medina suffered a serious injury because it consisted of merely "conclusory assertions tailored to meet statutory requirements" *(Lopez v Senatore,* 65 NY2d 1017, 1019; *Marshall v Albano,* 182 AD2d 614; *Waldman v Dong Kook Chang,* 175 AD2d 204). The affirmation does not provide any information concerning the nature of the plaintiff's medical treatment or any explanation for the two-year gap between Medina's medical treatment in January 1994 and her subsequent visit to the examining physician in April 1996 *(see, Marshall v Albano, supra).*

We conclude that Medina failed to establish by competent medical proof a "permanent consequential limitation of use of a body organ or member", or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Licari v Elliott,* 57 NY2d 230). Accordingly, the motion for summary judgment should have been granted. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.