■ Steven Williams, Respondent, v Pasquale Ciaramella et al., Defendants, and Elaine Schwartz, Appellant. [673 NYS2d 186] —In an action to recover damages for personal injuries, the defendant Elaine Schwartz appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated March 25, 1997, as denied her cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant submitted proof in admissible form which established that the plaintiff had not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact (*see, Gaddy v Eyler*, 79 NY2d 955).

The plaintiff failed to meet that burden. The affirmation of the plaintiff's examining physician, dated six years after the accident, indicated that the plaintiff sustained a 23% permanent partial functional impairment of the left shoulder as a result of the subject accident. However, the physician's affirmation gave no information concerning the plaintiff's medical treatment, nor did it explain the five- and one-half-year gap between the plaintiff's August 1991 treatment by a chiropractor and his January 1997 visit to the examining physician (*see, Medina v Zalmen Reis & Assocs.*, 239 AD2d 394; *Verrelli v Tronolone*, 230 AD2d 789; *Komar v Showers*, 227 AD2d 135; *Morales v Luna*, 205 AD2d 673). Moreover, the plaintiff's affidavit, which contradicted his deposition testimony, consisted of merely "conclusory assertions tailored to meet statutory requirements" (*Lopez v Senatore*, 65 NY2d 1017, 1019).

Under the circumstances of this case, the plaintiff failed to establish by competent medical proof that he sustained a serious injury in the subject accident (*see*, Insurance Law § 5102

[d]). Accordingly, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her should have been granted. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.