■ DEBORAH M. DINUNZIO, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [682 NYS2d 406] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff in Action No. 1 appeals from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 26, 1998, which denied her motion for summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment

dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court, dated February 17, 1998, which, upon the order dated January 26, 1998, dismissed the complaint.

Ordered that the appeal from the order dated January 26, 1998, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Supreme Court properly granted the respondents' cross motion for summary judgment. The respondents established prima facie that the appellant in Action No. 1 did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955).

The appellant's evidence in opposition to the respondents' cross motion was insufficient to raise a triable question of fact on the issue of serious injury. The Supreme Court properly refused to consider the medical records submitted by the appellant, as they were not in admissible form (see, Grasso v Angerami, 79 NY2d 813, 814; Mobley v Riportella, 241 AD2d 443, 444). Moreover, although the appellant's chiropractor submitted an affidavit in which he quantified the restrictions in the range of motion which the appellant allegedly suffered, he did not state what, if any, objective medical tests he performed in order to reach his conclusions (see, Merisca v Alford, 243 AD2d 613; Lincoln v Johnson, 225 AD2d 593; Giannakis v Paschilidou, 212 AD2d 502; Antoniou v Duff, 204 AD2d 670). Moreover, although the appellant submitted an affidavit in which she stated that she has not been able to work since the accident other than for a brief period, she submitted no medical evidence which connected her purported inability to work with her alleged accident-related injuries (see, Beckett v Conte, 176 AD2d 774; Zelenak v Clark, 170 AD2d 677; Phillips v Costa, 160 AD2d 855).

Finally, we note that the judgment of the Supreme Court, Suffolk County, dismissed the entire complaint, including the appellant's cause of action to recover for property damage. The appellant has not contested the dismissal of that cause of ac-

tion, and thus, we do not reach the issue. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.