■ DOMINICK CABRI et al., Respondents, v MYUNG-SOO PARK, Defendant, and PATRICIA SHEVLIN, Appellant. [688 NYS2d 248] —In an action to recover damages for personal injuries, etc., the defendant Patricia Shevlin appeals, as limited by her brief, from so much an order of the Supreme Court, Queens County (Golar, J.), dated April 29, 1998, as, upon granting the plaintiffs' motion to reargue the motion and cross motion of the defendants for summary judgment which were granted by order dated February 18, 1998, denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her on the ground that the plaintiff Dominick Cabri had not sustained a serious injury within the meaning of Insurance Law § 5102.

Ordered that the order is reversed insofar as appealed from, so much of the order dated February 18, 1998, as granted the appellant's motion for summary judgment is reinstated, and the complaint and all cross claims are dismissed insofar as asserted against the appellant; and it is further,

Ordered that, upon searching the record, so much of the order dated April 29, 1998, as, upon reargument, denied the cross motion of the defendant Myung-Soo Park for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is reversed, so much of the order dated February 18, 1998, as granted his cross motion is reinstated, and the complaint and all cross claims are dismissed insofar as

asserted against the defendant Myung-Soo Park; and it is further,

Ordered that the appellant is awarded one bill of costs.

In moving for summary judgment, the defendants established that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102. Accordingly, the burden shifted to the plaintiffs to raise a triable question of fact on the issue (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957).

The plaintiffs, in opposing the motion and the cross motion, submitted, *inter alia,* an affirmation and an affirmed medical report prepared by Dr. Bruce Goldberg, the injured plaintiff's treating physician, who concluded that the injured plaintiff suffered cervical and lumbosacral spine derangement and inflammation of the right rotator cuff with permanent residual loss of motion and rotation. In addition, Dr. Goldberg stated that he agreed with a prior finding by Dr. Vito V. Pagano, a physician employed by the Workers' Compensation Board, that the injured plaintiff suffered a permanent 12½% loss of use of his right arm. However, Dr. Goldberg did not indicate that any objective medical tests were performed by him (*see, Merisca v Alford,* 243 AD2d 613; *Lincoln v Johnson,* 225 AD2d 593; *Giannakis v Paschilidou,* 212 AD2d 502) and did not explain the five-year gap in his treatment of the injured plaintiff (*see, Williams v Ciaramella,* 250 AD2d 763). While the plaintiffs also submitted the sworn report of Dr. Pagano, the report was dated June 11, 1993, and thus was not based upon a recent examination of the injured plaintiff (*see, Gutierrez v Metropolitan Suburban Bus Auth.,* 240 AD2d 469). Moreover, Dr. Pagano's report did not indicate that he performed any objective tests on the injured plaintiff (*see, Merisca v Alford, supra*). Finally, the injured plaintiff's affidavit consisting of subjective complaints of pain was also insufficient to raise a triable issue of fact (*see, Dyagi v Newburgh Auto Auction,* 251 AD2d 619). Accordingly, the Supreme Court should have granted summary judgment to the defendants.

Because the first cause of action, which seeks damages on behalf of the injured plaintiff, must be dismissed, the second cause of action, which is a derivative cause of action on behalf of the injured plaintiff's wife, must also be dismissed (*see, Delarosa v Vallejo,* 244 AD2d 521; *Clarke v Mikail,* 238 AD2d 538). S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.