■ BONNIE G. GREENE et al., Respondents, v JOSE MIRANDA et al., Appellants. [708 NYS2d 310] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 23, 1999, which denied their motion for summary judgment dismissing the complaint on the ground that the

plaintiff Bonnie G. Greene did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The affirmed medical reports which the defendants submitted in support of their motion for summary judgment made out a prima facie case that the plaintiff Bonnie G. Greene (hereinafter Greene) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see, Gaddy v Eyler, 79 NY2d 955). The plaintiffs' opposition papers failed to raise a triable issue of fact as to whether Greene sustained a serious injury. While the plaintiffs submitted evidence that Greene suffered from herniated discs and a bulging disc, they failed to provide any objective evidence of the extent or degree of the alleged physical limitations resulting from these disc injuries and their duration (see, Grossman v Wright, 268 AD2d 79; Guzman v Michael Mgt., 266 AD2d 508; Noble v Ackerman, 252 AD2d 392, 394), or that the 1996 accident was a proximate cause of these disc injuries (see, Cacaccio v Martin, 235 AD2d 384; Waaland v Weiss, 228 AD2d 435; Beckett v Conte, 176 AD2d 774).

Moreover, the plaintiffs failed to demonstrate that Greene was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (see, Licari v Elliott, 57 NY2d 230; Buonaiuto v Shulberg, 254 AD2d 384; Ciaccio v J & R Home Improvements, 149 AD2d 558). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.