■ PEDRO JIMENEZ, Respondent, v KIRANCHAN B. KAMBLI, Appellant. [708 NYS2d 460] —In an action to recover damages for personal injuries and property damage, the defendant appeals

from an order of the Supreme Court, Queens County (Milano, J.), dated January 29, 1999, which denied his motion, in effect, for summary judgment dismissing the first cause of action on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, with costs, and the motion is granted, and the first cause of action to recover damages for personal injuries is dismissed.

Although the request for relief in the defendant's motion for summary judgment was to dismiss the entire complaint, his motion papers addressed only the first cause of action, which was to recover damages for personal injuries, and the Supreme Court treated the motion as one to dismiss only the first cause of action. We make no determination as to the second cause of action.

The plaintiff claimed that he was injured in a car accident on June 28, 1992. The next day he sought treatment at the emergency room of La Guardia Hospital where he was diagnosed with a muscle sprain. Five days later, he saw a doctor who indicated that he had cervical and lumbar pains. The plaintiff went to a chiropractor 10 months after the accident. Over six and one-half years after the date of the accident, the plaintiff's chiropractor prepared a report. An affidavit of the chiropractor was submitted in opposition to the motion. In neither the report nor the affidavit is there any explanation for the gap of 29 months between the apparent end of treatment in June 1996 and the reexamination of the plaintiff on November 20, 1998, in response to this motion (see, Medina v Zalmen Reis & Assocs., 239 AD2d 394, 395).

In both the affidavit in opposition to the motion and the report, the chiropractor stated that he performed an initial examination of the plaintiff in May 1993, almost one year after the accident, which indicated certain range of motion limitations. No contemporaneous proof of initial range of motion restrictions was submitted in opposition to the motion. The chiropractor stated that upon reexamination, the plaintiff still suffered from range of motion limitations. However, the chiropractor failed to indicate what objective tests were performed to measure the limitations on both occasions. Accordingly, the plaintiff failed to raise a triable issue of fact after the defendant made out a prima facie case for summary judgment to defeat the defendant's motion (see, Grossman v Wright, 268 AD2d 79; Mobley v Riportella, 241 AD2d 443; Lincoln v Johnson, 225 AD2d 593, 594; Marshall v Albano, 182 AD2d 614; cf., Kraemer v Henning, 237 AD2d 492).

Moreover, the plaintiff failed to raise any triable issue of fact with respect to his claim that his injuries prevented him from performing substantially all of the material acts that make up his usual and customary daily activities during 90 of the first 180 days following the accident (*see, Covington v Cinnirella,* 146 AD2d 565).

Accordingly, the Supreme Court should have dismissed the first cause of action set forth in the complaint. Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.