■ JOSEPH FALANGA et al., Respondents, v ROBERT LOGERCIO et al., Defendants, and AVERA MORRISON et al., Appellants. [718 NYS2d 620] —In an action to recover damages for personal injuries, etc., the defendants Avera Morrison and Sara Morrison appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 6, 1999, as denied their cross motion to dismiss the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the defendants Avera Morrison and Sara Morrison, and the action against the remaining defendants is severed.

The plaintiffs, Joseph Falanga and David Alacqua, allegedly sustained injuries when their vehicle collided with two other

vehicles, one of which was owned and operated by the appellants.

The physician's affirmation submitted by the appellants in support of their cross motion for summary judgment made out a prima facie case (*see,* CPLR 3212 [b]) that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). The burden therefore shifted to the plaintiffs to come forward with sufficient evidence to establish that they sustained serious injuries (*see, Gaddy v Eyler,* 79 NY2d 955). Since their submissions failed to raise triable issues of fact, the appellants' cross motion should have been granted (*see, Jimenez v Kambli,* 272 AD2d 581; *Kauderer v Penta,* 261 AD2d 365; *Medina v Zalmen Reis & Assocs.,* 239 AD2d 394). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.