■ DONNA TROTTER et al., Appellants, v BERNICE HART et al., Respondents. [728 NYS2d 561] —Mugglin, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered July 21, 2000 in Washington County, which, inter alia, granted defendant Bernice Hart's motion for summary judgment dismissing the complaint against her.

Plaintiff Donna Trotter (hereinafter plaintiff), a passenger in a vehicle operated by defendant Bernice Hart, asserts that in June 1998 she was injured when Hart ran a red light and collided with a vehicle owned by defendant Ronald Norflett and operated by defendant Nakim Norflett. Following joinder of issue, Hart and the Norfletts each moved for summary judgment dismissing the complaint alleging that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Plaintiffs opposed the motions and cross-moved for partial summary judgment on the issue of liability based upon Hart's guilty plea to a traffic ticket charging her with running the red light. Upon granting Hart's motion, Supreme Court determined that the remaining motions were moot. Plaintiffs appeal.

The documentary medical evidence and independent medical opinion submitted in support of the motions met defendants' initial burden of demonstrating that plaintiff did not sustain a serious injury within the meaning of the statute (see, Gaddy v Eyler, 79 NY2d 955, 956-957; Decker v Stang, 243 AD2d 1033, 1036, lv denied 91 NY2d 812). Plaintiffs attempt to satisfy the shifted burden of producing evidence in admissible form creating a genuine issue of fact as to whether plaintiff has sustained

a serious injury (*see, Bushman v Di Carlo*, 268 AD2d 920, 922, *lv denied* 94 NY2d 764) with the affidavit of her treating chiropractor. To successfully oppose the motion, plaintiffs "must set forth 'competent medical evidence based upon objective medical findings and diagnostic tests to support [their] claim' " of a serious injury (*Tankersley v Szesnat*, 235 AD2d 1010, 1012, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150). When the report of a chiropractor is used to establish competent medical evidence based upon objective medical findings, the report must "identify the tests * * * used, the degree of limitation or any treatment recommendations" (*Fountain v Sullivan*, 261 AD2d 795, 796). Here, plaintiff's treating chiropractor avers that he diagnosed plaintiff with cervicobrachial syndrome and cervical subluxation. This diagnosis was based upon his July 1998 examination. He concluded that these injuries were a direct result of the June 1998 accident and that "plaintiff has a permanent degree of loss of use and function in her cervical spine in the amount of 20% and 10% in the lumbar spine."

Initially, we note that the opinion expressed in the chiropractor's affidavit was based upon his examinations conducted approximately 18 months prior to signing the affidavit, not on any recent medical examination, a factor which makes the affidavit deficient as a matter of law (*see, Kosto v Bonelli*, 255 AD2d 557, 558). The chiropractor identifies no tests used in his examinations of plaintiff (*see, Fountain v Sullivan, supra*, at 796). Further, his conclusion that plaintiff sustained a 20% loss of use of her cervical spine and 10% loss of use of her lumbar spine establishes neither a significant nor consequential injury (*see, Baker v Donahue*, 199 AD2d 661) and simply using the word "permanent" in describing plaintiff's condition is insufficient to raise a question of fact (*see, Fountain v Sullivan, supra*, at 796-797). With respect to the 90/180-day claim, the chiropractor's affidavit makes no attempt to relate his diagnosis of injury to any constraint on plaintiff's daily activities (*see, Baker v Donahue, supra*, at 661) and plaintiff's deposition testimony reveals no such limitation. Finally, with respect to permanency, the affidavit does not establish a total loss of use (*see, Oberly v Bangs Ambulance*, 96 NY2d 295, 299).

Plaintiffs having failed to submit competent medical evidence of serious injury in any category, Supreme Court correctly dismissed the complaint and such dismissal rendered the Norfletts' motion for summary judgment and plaintiffs' cross motion for summary judgment on the issue of liability academic.

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.