■ MARLENE S. GROSS, Respondent, v MARIELYNN A. SINGSON, Appellant. [768 NYS2d 363]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered April 18, 2003, which denied her motion, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d

345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Junco v Ranzi,* 288 AD2d 440 [2001]). The affirmations of the plaintiff's physicians submitted in opposition to the motion failed to establish that any of the identified limitations in movement were significant (*see Trotter v Hart,* 285 AD2d 772, 773 [2001]; *Cabri v Myung-Soo Park,* 260 AD2d 525 [1999]; *Williams v Ciaramella,* 250 AD2d 763 [1998]; *Medina v Zalmen Reis & Assoc.,* 239 AD2d 394 [1997]; *Waldman v Dong Kook Chang,* 175 AD2d 204 [1991]).

Moreover, the plaintiff's statement at her deposition that she was unable to engage in some of her previously regular activities was not supported by any competent medical evidence regarding her claim that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days immediately following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201 [2000]; *Greene v Miranda,* 272 AD2d 441, 442 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800, 801 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.