■ MICHAEL COLL, Respondent, v LIA K. PADILLA et al., Appellants. [774 NYS2d 550]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Carter, J.), entered March 10, 2003, which granted the plaintiff's motion for leave to renew the defendants' prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which was determined by order of the same court dated August 12, 2002, and, upon renewal, vacated the order dated August 12, 2002, and denied the defendants' motion.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon renewal, vacated the order dated August 12, 2002, and denied the defendants' motion, and substituting therefor a provision adhering to the determination in the order dated August 12, 2002; as so modified, the order is affirmed, with costs to the defendants, and the order dated August 12, 2002, is reinstated.

A motion for leave to renew must be supported by new or additional facts "not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Rizzotto v Allstate Ins. Co., 300 AD2d 562 [2002]; Williams v Fitzsimmons, 295 AD2d 342 [2002]). Contrary to the defendants' contentions, the plaintiff proffered a reasonable justification for failing to tender the "new facts" with his original papers. Accordingly, the Supreme Court providently exercised its discretion in granting the motion for leave to renew.

However, upon renewal, the Supreme Court erred in vacating its prior order and denying the defendants' motion for summary judgment. The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician submitted in opposition to the defendants' original motion, and the new affirmation by a different physician submitted in support of his motion for leave to renew, failed to establish that any of the identified limitations in move-

ment were of a significant nature (*see Trotter v Hart,* 285 AD2d 772, 773 [2001]; *Williams v Ciaramella,* 250 AD2d 763 [1998]; *Cabri v Myung-Soo Park,* 260 AD2d 525, 526 [1999]; *Medina v Zalmen Reis & Assoc.,* 239 AD2d 394, 395 [1997]; *Waldman v Dong Kook Chang,* 175 AD2d 204 [1991]). It failed to specify the objective tests used to derive the opinion that the plaintiff's range of motion was limited (*see Kauderer v Penta,* 261 AD2d 365, 366 [1999]), failed to account for the postaccident magnetic resonance imaging that show no disc bulges at C6-7, and was otherwise inadequate to raise a triable issue of fact as to whether the plaintiff sustained a serious injury.

Accordingly, the defendants were entitled to summary judgment in their favor dismissing the complaint. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.