■ JOSE S. HERNANDEZ, Respondent, v JOHN J. BAHLKE, Appellant. [775 NYS2d 869]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Glover, J.), dated August 4, 2003, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician submitted in opposition to the defendant's motion failed to set forth the tests he used to arrive at the conclusion that the plaintiff sustained a serious injury (*see Kauderer v Penta,* 261 AD2d 365 [1999]). In addition, in the absence of any objective medical evidence of a related disability or restriction, the mere existence of a bulging disc is not conclusive evidence of a serious injury (*see Guzman v Michael Mgt.,* 266 AD2d 508 [1999]).

The plaintiff's statement that he was unable to return to work for five months following the accident was not supported by any competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.