■ RICHARD OSBOURNE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [775 NYS2d 872]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Jessie Walker, and Ernest Walker appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 12, 2002, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident, and the affirmation of the plaintiff's physician submitted in opposition to the defendants' motion was insufficient to raise a triable issue of fact (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]).

Moreover, the plaintiff's statement that he was unable to return to work for three months following the accident was not supported by any competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v*

*New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the appellants were entitled to summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.