■ OPHELIA RAMOS et al., Appellants, v INCORPORATED VILLAGE OF FREEPORT et al., Respondents. [775 NYS2d 166]—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated May 19, 2003, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants made a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmations of the plaintiffs' physicians submitted in opposition to the motion failed to establish that any of the alleged injuries was of a significant nature (*see Trotter v Hart,* 285 AD2d 772, 773 [2001]; *Baker v Donahue,* 199 AD2d 661 [1993]; *Waldman v Dong Kook Chang,* 175 AD2d 204 [1991]).

Moreover, the plaintiffs did not submit any competent medical evidence supporting their claims that they were unable to perform substantially all of their daily activities for not less than 90 of the first 180 days subsequent to the subject accident as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201 [2000]; *Greene v Miranda,* 272 AD2d 441, 442 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800, 801 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.