■ LINETTE WILLIAMS, Appellant, v SHAWN TRONCHIN et al., Respondents. [775 NYS2d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated May 3, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affidavit of the plaintiff's chiropractor submitted in opposition to the defendants' motion failed to demonstrate the existence of a triable issue of fact (*see Trotter v Hart*, 285 AD2d 772 [2001]; *Williams v*

*Ciaramella,* 250 AD2d 763 [1998]; *Cabri v Myung Soo Park,* 260 AD2d 525 [1999]; *Waldman v Dong Kook Chang,* 175 AD2d 204 [1991]; *Medina v Zalmen Reis & Assoc.,* 239 AD2d 394 [1997]).

Moreover, the plaintiff's statement that she was unable to return to work for six months following the accident was not supported by any competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.