■ GIOVANA TANZI, Appellant, v TOWN OF BROOKHAVEN et al., Respondents. [775 NYS2d 592]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Catterson, J.), dated November 6, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affidavit of the plaintiff's chiropractor submitted in opposition to the defendant's motion failed to establish the existence of a triable issue of fact (*see Jimenez v Kambli,* 272 AD2d 581 [2000]; *Guzman v Michael Mgt.,* 266 AD2d 508 [1999]; *Smith v Askew,* 264 AD2d 834 [1999]; *Carroll v Jennings,* 264 AD2d 494 [1999]; *Kauderer v Penta,* 261 AD2d 365 [1999]; *Barrett v Howland,* 202 AD2d 383 [1994]; *LeBrun v Joyner,* 195 AD2d 502 [1993]).

The plaintiff's statement that she was unable to return to work for one year following the accident was not supported by any competent medical evidence supporting her claim that she

was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.