■ MICHELLE MILLAR, Appellant, v TOWN OF OYSTER BAY et al., Respondents. [775 NYS2d 893]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), entered June 19, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The unaffirmed report of the plaintiff's physician dated February 11, 2002, submitted in opposition to the defendants' motion was insufficient to raise a triable issue of fact. Moreover, the affirmed report of the same physician did not identify the objective tests, if any, he used to establish limitations in the plaintiff's range of motion.

The plaintiff failed to submit any competent objective medical evidence to support a claim that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days after the subject accident as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.