■ EMILY FLYNN, Plaintiff, v STEPHEN J. FLYNN et al., Defendants. (Action No. 1.) STEPHEN J. FLYNN, Plaintiff, v NEW

YORK CITY TRANSIT AUTHORITY et al., Defendants. (Action No. 2.) KENNETH TURNER, Appellant, v STEPHEN J. FLYNN et al., Respondents, et al., Defendants. (Action No. 3.) MICHAEL BURDEN, Plaintiff, v CITY OF NEW YORK et al., Defendants. (Action No. 4.) VICTOR LOPEZ, Appellant, v STEPHEN J. FLYNN, Defendant and Third-Party Plaintiff-Respondent. NEW YORK CITY TRANSIT AUTHORITY et al., Third-Party Defendant-Respondent. (Action No. 5.) [776 NYS2d 516]—In related actions to recover damages for personal injuries, Kenneth Turner, the plaintiff in Action No. 3, and Victor Lopez, the plaintiff in Action No. 5, appeal from an order of the Supreme Court, Richmond County (Ponterio, J.), dated May 7, 2003, which granted the motion of Stephen J. Flynn, a defendant in those actions, and the motion of Kevin McRae and the New York City Transit Authority, defendants in Action No. 3 and third-party defendants in Action No. 5, for summary judgment dismissing the complaints in those actions on the ground that the plaintiffs in those actions did not sustain serious injuries within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The moving parties (hereinafter the defendants) made a prima facie showing that the plaintiffs in Action Nos. 3 and 5 (hereinafter the plaintiffs) did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmations of the plaintiffs' physicians submitted in opposition to the defendants' motions failed to establish that any of the alleged injuries or limitations in movement were of a significant nature (*see Trotter v Hart,* 285 AD2d 772 [2001]; *Williams v Ciaramella,* 250 AD2d 763 [1998]; *Cabri v Myung Soo Park,* 260 AD2d 525 [1999]; *Waldman v Dong Kook Chang,* 175 AD2d 204 [1991]; *Medina v Zalmen Reis & Assoc.,* 239 AD2d 394 [1997]).

Moreover, the plaintiffs failed to submit any competent medical evidence supporting their claim that they were unable to perform substantially all of their daily activities for not less than 90 of the first 180 days following the accident as a result of it (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were properly granted summary judgment dismissing the complaint in Action Nos. 3 and 5. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.