■ STEPHEN J. HAMMERLING et al., Appellants, v MICHAEL D. KORN et al., Respondents. [777 NYS2d 314]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dillon, J.), dated April 14, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Stephen J. Hammerling did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff Stephen J. Hammerling (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident through the submission of the plaintiff's deposition testimony, the affirmation of the defendants' medical expert, and the plaintiff's own medical and business records (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Hodges v Jones*, 238 AD2d 962 [1997]; *Fragale v Geiger*, 288 AD2d 431 [2001]). The affirmation of the plaintiff's physician submitted in opposition to the defendants' motion was insufficient to raise a triable issue of fact. The limitations in movement which were quantified by the plaintiff's physician were of an insignificant nature (*see Trotter v Hart*, 285 AD2d 772 [2001]; *Williams v Ciaramella*, 250 AD2d 763 [1998]; *Cabri v Myung-Soo Park*, 260 AD2d 525 [1999]; *Waldman v Dong Kook Chang*, 175 AD2d 204 [1991]; *Medina v Zalmen Reis & Assoc.*, 239 AD2d 394 [1997]), and were obviously based upon the plaintiff's subjective complaints of pain (*see Barrett v Howland*, 202 AD2d 383 [1994]; *LeBrun v Joyner*, 195 AD2d 502 [1993]).

Moreover, the plaintiff failed to submit any competent medical evidence supporting his claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Greene v Miranda*, 272 AD2d 441 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *Bennett v Reed*, 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]). In any event, such a claim was belied by his business records.

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.