■ RALPH IBRAGIMOV et al., Appellants, v KATHY HUTCHINS et al., Respondents. [777 NYS2d 663]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated July 23, 2003, which granted the separate motions of the defendants Kathy Hutchins and Jessica L. Downer and the defendants Eileen M. Holtz and William J. Holtz, Jr., for summary judgment dismissing the complaint on the ground that the plaintiffs Ralph Ibragimov and Roman Aminov did not sustain serious injuries within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs to the respondents Eileen M. Holtz and William J. Holtz, Jr.

Based on the affirmations of their examining physicians and the deposition testimony of the plaintiffs Ralph Ibragimov and Roman Aminov, the defendants made a prima facie showing that the plaintiffs Ibragimov and Aminov did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The only report by the physician for the plaintiffs Ibragimov and Aminov that was in admissible form failed to establish that the identified limitations in movement of 10 to 15% and 15% for the plaintiffs Aminov and Ibragimov, respectively, were of a significant nature (*see Trotter v Hart,* 285 AD2d 772, 773 [2001]; *Cabri v Myung-Soo Park,* 260 AD2d 525, 526 [1999]; *Williams v Ciaramella,* 250 AD2d 763 [1998]; *Medina v Zalmen Reis & Assoc.,* 239 AD2d 394, 395 [1997]; *Waldman v Dong Kook Chang,* 175 AD2d 204 [1991]).

Moreover, the plaintiffs failed to submit any competent medical evidence to support the claim that Ibragimov and Aminov were unable to perform substantially all of their daily activities

for not less than 90 of the first 180 days immediately following the subject accident as a result of the accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *Bennett v Reed*, 263 AD2d 800, 801 [1999]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment in their favor dismissing the complaint. Altman, J.P., S. Miller, Schmidt, Cozier and Skelos, JJ., concur.