■ THOMAS V. WALL et al., Appellants, v KINGS ROW, INC., et al., Respondents. [779 NYS2d 365]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated August 13, 2003, which denied their motion for partial summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the first through fourth causes of action on the ground that the plaintiff Thomas V. Wall did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff Thomas V. Wall (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the affirmed medical reports of their examining physicians (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmation of the injured plaintiff's physician was insufficient to raise a triable issue of fact. It is apparent from the physician's affirmation that he improperly relied upon unsworn medical reports in arriving at his conclusions (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]).

Moreover, the plaintiffs never submitted any competent medical evidence indicating that the injured plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]). Accordingly, the defendants were entitled to summary judgment dismissing the first through fourth causes of action.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the remaining cause of action to recover for property damage. Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.