■ SHEILA GRANT, Appellant, v MAMADOU FOFANA et al., Respondents. [781 NYS2d 160]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Glover, J.), dated August 5, 2003, which granted the separate motions of the defendant Mamadou Fofana and the defendants Henry A. Grant and Terry T. Tatum for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting the plaintiff's deposition testimony and the affirmations of their examining physicians (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Hodges v Jones*, 238 AD2d 962 [1997]). The affirmed report of the plaintiff's physician was insufficient to raise a triable issue of fact in opposition to the motions.

Neither the plaintiff nor her physician offered any explanation as to the gap of nearly 16 months between the conclusion of her medical treatments and his examination of the plaintiff for the first time in response to the defendants' motions (*see*

*Jimenez v Kambli,* 272 AD2d 581, 582 [2000]; *Smith v Askew,* 264 AD2d 834 [1999]). Further, despite evidence in the plaintiff's medical history of treatment for lower back pain approximately five months before the instant accident, and despite his claim that he reviewed the plaintiff's medical records, the plaintiff's physician never mentioned the plaintiff's prior medical history, nor offered any other evidence as to the plaintiff's condition before the instant accident (*see e.g. Dimenshteyn v Caruso,* 262 AD2d 348 [1999]).

In addition, it is clear from the report that the plaintiff's physician's findings of restrictions in motion were based solely upon the plaintiff's subjective complaints of pain (*see Scheer v Koubek,* 70 NY2d 678 [1987]; *Barrett v Howland,* 202 AD2d 383, 384 [1994]; *LeBrun v Joyner,* 195 AD2d 502 [1993]; *Coughlan v Donnelly,* 172 AD2d 480 [1991]).

Finally, the plaintiff's claim that she was unable to return to work for two months following the accident was not supported by any competent medical evidence (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint. Altman, J.P., Goldstein, Schmidt, Cozier and Skelos, JJ., concur.