■ Patricia Gousgoulas, Appellant, v Antonio Melendez, Respondent. [782 NYS2d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated September 23, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the affirmations of an orthopedist and a neurologist who examined the plaintiff and determined that there was no disability, restriction, or limitation as a result

of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmation of the plaintiff's orthopedist submitted in opposition to the defendant's motion was insufficient to raise a triable issue of fact. It is readily apparent that the affirmation was designed merely to tailor the plaintiff's claim to meet statutory requirements (*see Powell v Hurdle*, 214 AD2d 720 [1995]; *Giannakis v Paschilidou*, 212 AD2d 502, 503 [1995]), and is notable for its complete lack of any verified objective medical findings (*see Carroll v Jennings*, 264 AD2d 494, 495 [1999]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]).

Moreover, the plaintiff's claim that she was unable to return to work for a year and a half following the accident was not supported by any competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200, 201 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *Bennett v Reed*, 263 AD2d 800, 801 [1999]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]). Indeed, the plaintiff failed to submit any evidence concerning her medical condition following the accident.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.