ANATOLY KRAVTSOV, Respondent, v ANSON S. WONG et al., Appellants. [782 NYS2d 837]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 15, 2003, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury through the submission of the affirmed medical reports of an orthopedist and a neurologist who examined the plaintiff two years after the accident and found no evidence of a disability, impairment, or restriction (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmations of the plaintiff's physicians submitted in opposition to the defendants' motion were insufficient to raise a triable issue of fact. It was clear from the medical evidence submitted by the plaintiff that he had sustained, at most, soft tissue injuries which were of an insignificant nature (*see Scheer v Koubek*, 70 NY2d 678 [1987]; *Pajda v Pedone*, 303 AD2d 729 [2003]; *Barrett v Howland*, 202 AD2d 383 [1994]; *LeBrun v Joyner*, 195 AD2d 502 [1993]; *Coughlan v Donnelly*, 172 AD2d 480 [1991]).

Moreover, the plaintiff failed to submit any competent medical evidence which would have supported a claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Greene v Miranda*, 272 AD2d 441 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *Bennett v Reed*, 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.