■ SEJAD SUVALIC, Respondent, v GIOVANNI COLELLA, Appellant. [783 NYS2d 667]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated February 20, 2004, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Contrary to the determination of the Supreme Court, the de-

fendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The defendant submitted the affirmations of an orthopedist and a neurologist who examined the plaintiff four months after the accident, and the affirmations of another set of physicians who examined the plaintiff approximately 2 1/2 years after the accident, all of whom concluded that the plaintiff was not disabled, impaired, or restricted in any manner. In addition, the defendant submitted the transcript of the plaintiff's deposition testimony which, in its totality, indicated that the plaintiff had not sustained a serious injury (*see Hodges v Jones,* 238 AD2d 962 [1997]).

The plaintiff's opposition papers were insufficient to raise a triable issue of fact. Not only was the affidavit of the plaintiff's examining physician based in large part upon the unsworn records of other physicians (*see Friedman v U-Haul Truck Rental,* 216 AD2d 266 [1995]), but it also appeared to have been based upon the plaintiff's subjective complaints of pain (*see Scheer v Koubek,* 70 NY2d 678 [1987]; *Barrett v Howland,* 202 AD2d 383 [1994]; *LeBrun v Joyner,* 195 AD2d 502 [1993]; *McHaffie v Antieri,* 190 AD2d 780 [1993]), and merely tailored to meet the statutory requirements (*see Giannakis v Paschilidou,* 212 AD2d 502 [1995]; *Powell v Hurdle,* 214 AD2d 720 [1995]).

Moreover, the plaintiff failed to submit any competent medical evidence to support a claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]). Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.