■ STEPHANIE CASELLA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [787 NYS2d 883]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Walter Miller appeal and the defendant Khalid Amir separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated November 21, 2003, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of the medical records of the plaintiff's treating physician and an affirmed medical report of their own examining physician (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *see also Hodges v Jones,* 238 AD2d 962 [1997]; *Pagano v Kingsbury,* 182 AD2d 268, 271 [1992]; *Gleason v Huber,* 188 AD2d 581 [1992]). In opposition, the affirmation of the plaintiff's examining physician was insufficient to raise a triable issue of fact. Significantly, there was no satisfactory explanation in admissible form for the nearly three-year gap between the conclusion of the plaintiff's medical treatments and the date of the examination by the plaintiff's expert (*see Jimenez v Kambli,* 272 AD2d 581 [2000]; *Smith v Askew,* 264 AD2d 834 [1999]).

Moreover, the plaintiff failed to submit any competent medi-

cal evidence to support a claim that she was unable to perform substantially all of her daily activities for not less than 90 of the 180 days immediately following the accident, as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment. Cozier, J.P., S. Miller, Santucci and Fisher, JJ., concur.