■ SHIREEN MOHAMED, Appellant, v RAMAN DHANASAR, Respondent, et al., Defendant. [711 NYS2d 733] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated July 9, 1999, which granted the motion of the defendant Raman Dhanasar for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant Raman Dhanasar met his initial burden of establishing as a matter of law that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) based on the affidavits of an orthopedic surgeon and a neurologist who examined the plaintiff (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957).

The plaintiff failed to demonstrate the existence of a triable issue of fact. In an affidavit, the plaintiff's chiropractor referred to findings from his examination of the plaintiff more than one year earlier, in which only minimal limitations of movement were noted. The affidavit did not indicate that the chiropractor's opinion was based on a more recent examination of the plaintiff (*see, Grossman v Wright,* 268 AD2d 79; *Kauderer v Penta,* 261 AD2d 365; *Glielmi v Banner,* 254 AD2d 255). At her deposition, the plaintiff testified that she missed only one day of work because of the accident, and that during the summer following the accident she participated in various athletic activities such as tennis and bicycling. Under the circumstances, the plaintiff's subjective complaints of pain and disability were insufficient to raise a genuine issue as to whether she sustained a serious

injury (*see, Kauderer v Penta, supra*). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.