■ MICHAEL HAND, Plaintiff, v JOSEPH BONURA, Defendant. (Action No. 1.) FRANCISCO ARSUAGA, Appellant, v JOSEPH W. BONURA et al., Respondents. (Action No. 2.) [729 NYS2d 729] —In related actions to recover damages for personal injuries, the plaintiff in Action No. 2 appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated October 13, 2000, which granted the separate motions of the defendants in Action No. 2 for summary judgment dismissing the complaint in that action insofar as asserted against them.

Ordered that the order is affirmed, with costs to the respondent Michael Hand.

The respondents established, prima facie, their entitlement to judgment as a matter of law. In opposition, the appellant failed to raise an issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955). The affirmation of the plaintiff's physician submitted in opposition to the defendants' motions was based on an examination of the plaintiff conducted over three years before those motions were made. The projections of permanent limitations contained therein have no probative value in the absence of a recent examination (*see, Bidetto v Williams,* 276 AD2d 516; *Mohamed v Dhanasar,* 273 AD2d 451; *Kauderer v Penta,* 261 AD2d 365; *Evans v Mohammad,* 243 AD2d 604). Furthermore, the affirmation failed to state what, if any, objective tests were performed to determine the range of motion of the plaintiff's spine (*see, Monaco v Davenport,* 277 AD2d 209; *Grossman v Wright,* 268 AD2d 79, 85; *Smith v Askew,* 264 AD2d 834; *Kauderer v Penta, supra*; *Lobo v Singh,* 259 AD2d 523).

Moreover, the plaintiff's statement that he was unable to return to work for four months following the accident was not supported by any competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the accident (*see, Sainte-Aime v Ho,* 274 AD2d 569; *Jackson v New York City Tr. Auth.,* 273 AD2d 200; *Greene v Miranda,* 272 AD2d 441; *Arshad v Gomer,* 268 AD2d 450; *Bennett v Reed,* 263 AD2d 800; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499). Bracken, P. J., Friedmann, Florio and H. Miller, JJ., concur.