■ MARILYN FRIER, as Trustee of the Estate of STEVEN SOARES, et al., Appellants, v NANCY M. TEAGUE, Respondent.

[732 NYS2d 428] —In an action to recover damages for personal injuries, etc., Marilyn Frier, as Trustee of the Estate of Steven Soares and Margo Soares, as successor in interest to Steven Soares and Margo Soares, appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered July 2, 1999, as granted the defendant's motion for summary judgment dismissing the complaint and granted that branch of the cross motion of Steven Soares which was for summary judgment dismissing the complaint insofar as asserted on behalf of Margo Soares.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion and cross motion which were for summary judgment dismissing the complaint insofar as asserted by Margo Soares and substituting therefor provisions denying those branches of the motion and cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant met her initial burden of establishing, as a matter of law, that Steven Soares did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230, 236). The treating chiropractor's projections of permanent limitations, which were based on examinations conducted almost three years before the motion, had no probative value in the absence of a recent examination (*see, Bidetto v Williams,* 276 AD2d 516; *Mohamed v Dhanasar,* 273 AD2d 451; *Kauderer v Penta,* 261 AD2d 365; *Evans v Mohammad,* 243 AD2d 604), and failed to specify the extent or degree of limitation in the range of motion in his spine (*see, Lupo v Cheung,* 236 AD2d 594; *Lichtman-Williams v Desmond,* 202 AD2d 646).

However, the defendant failed to make a prima facie showing that Margo Soares did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The conclusion reached by the defendant's physicians that Margo Soares did not sustain a serious injury, which was based on examinations performed more than three years after the accident, was insufficient to establish she did not sustain a medically determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180 day period immediately following the accident (*see, DePetres v Kaiser,* 244 AD2d 851). Moreover, Margo Soares's testimony at her examination before trial and the affidavit of the treating chiropractor were sufficient to establish a triable issue of fact as to whether

she suffered from a medically determined injury that curtailed her from performing her usual activities "to a great extent rather than some slight curtailment" for the statutory period (*Licari v Elliott, supra*, at 236; *see, Marszalek v Brown,* 247 AD2d 827; *Williams v Omera,* 190 AD2d 618; *Gleissner v LoPresti*, 135 AD2d 494). Thus, the defendant failed to meet her burden of establishing her entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.