■ JOSETTE JOHNSON, Appellant, v BURKE & McCOWEN et al., Respondents. [776 NYS2d 829]—In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered June 25, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by her brief, from so much of an order of the same court entered December 10, 2003, as, upon reargument, adhered to the original determination, and as denied that branch of her motion which was for leave to renew.

Ordered that the appeal from the order entered June 25, 2003, is dismissed, as that order was superseded by so much of the order entered December 10, 2003, as was made upon reargument; and it is further,

Ordered that the order dated December 10, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see *Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmations of the plaintiff's physicians were insufficient to raise a triable issue of fact. It is well settled that subjective complaints of pain and limitation of motion must be substantiated by verified objective medical findings (see *Kauderer v Penta,* 261 AD2d 365 [1999]; *Carroll v Jennings,* 264 AD2d 494 [1999]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.