DUSTIN MOONEY, Appellant, v TRAVIS A. EDWARDS et al., Respondents. [784 NYS2d 599]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated May 6, 2004, which granted the motion of the defendants National Equipment Rental Co., doing business as National Cranes and United Rentals of North America, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants National Equipment Rental Co., doing business as National Cranes and United Rentals of North America, made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affidavit of the plaintiff's physician submitted in opposition to the defendants' motion was insufficient to raise a triable issue of fact. The physician failed to offer any explanation for the two-year gap in time between the

conclusion of the plaintiff's medical treatments and the date of his examination (*see Jimenez v Kambli,* 272 AD2d 581 [2000]; *Smith v Askew,* 264 AD2d 834 [1999]). In addition, despite the clear evidence that the plaintiff was involved in two subsequent accidents in which he injured his neck and back, it was equally clear that the plaintiff's examining physician was completely unaware of them. Under these circumstances, it would have been purely speculative to conclude that the subject accident was the sole cause of the plaintiff's current injuries (*see e.g. Dimenshteyn v Caruso,* 262 AD2d 348 [1999]). Moreover, the plaintiff's only current complaint was that he had difficulty in participating in recreational basketball and table tennis.

Finally, the plaintiff did not submit any competent medical evidence indicating that his injuries prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 days during the 180 days immediately following the accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the Supreme Court properly granted the motion for summary judgment. Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.