■ DIANE MURRAY, Respondent, v HARTFORD, Also Known as HARTFORD INSURANCE COMPANY, et al., Appellants. [804 NYS2d 416]—

In an action to recover damages under the underinsured motorist provision of an insurance policy, the defendants appeal from an order of the Supreme Court, Richmond County (Giacobbe, J.), dated February 22, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The excerpts from the plaintiff's deposition testimony, as well as the affirmed medical reports of the defendants' examining physicians, sufficiently established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Batista v Olivo, 17 AD3d 494 [2005]; Grant v Fofana, 10 AD3d 446 [2004]). The affidavit of the plaintiff's physician submitted in opposition to the motion was insufficient to raise a triable issue of fact. The affidavit was based upon examinations conducted nearly four years prior to the date of the affidavit (see Kauderer v Penta, 261 AD2d 365 [1999]; see also Frier v Teague, 288 AD2d 177 [2001]; Mohamed v Dhanasar, 273 AD2d 451 [2000]), as well as upon unaffirmed MRI reports which had not been placed before the court by the defendants (see Friedman v U-Haul Truck Rental, 216 AD2d 266 [1995]; see also D'Amato v Mandello, 2 AD3d 482 [2003]; Williams v Hughes, 256 AD2d 461 [1998]; Merisca v Alford, 243 AD2d 613 [1997]). In addition, the plaintiff's physician failed to set forth the objective tests used in finding limitations in motion (see Johnson v Burke & McCowen, 7 AD3d 674 [2004]; Ersop v Variano, 307 AD2d 951 [2003]; Carroll v Jennings, 264 AD2d 494 [1999]), and failed to account for the plaintiff's medical history subsequent to the accident (see Pommells v Perez, 4 NY3d 566 [2005]; Barnes v Cisneros, 15 AD3d 514 [2005]; Mooney v Edwards, 12 AD3d 424 [2004]).

Moreover, the plaintiff's claim that she was unable to perform

substantially all of her daily and work activities for not less than 90 of the first 180 days as a result of the subject accident was unsupported by any competent medical evidence (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.