In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Dorsa, J.), dated January 18, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Philip Johnson did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
In support of their motion for summary judgment dismissing the complaint, the defendants submitted the deposition testimony of the injured plaintiff, Philip Johnson, and the affirmed medical reports of their examining neurologist, orthopedist, and radiologist, which established prima facie that Johnson did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of Johnson’s treating chiropractor was based upon his examinations of Johnson 31h to 4 years before the motion for summary judgment was made (see Batista v Olivo, 17 AD3d 494 [2005]; Frier v Teague, 288 AD2d 177, 178 [2001]; Hand v Bonura, 283 AD2d 608, 609 [2001]; Mohamed v Dhanasar, 273 AD2d 451 [2000]), and failed to address the finding of the defendants’ examining radiologist that Johnson’s lumbar spine bulging discs were due to degenerative processes, and the fact that the plaintiff had admittedly sustained two or three injuries at work, including an injury to his back and an injury to his left knee (see Tudisco v James, 28 AD3d 536, 537 [2006]; Giraldo v Mandanici, 24 AD3d 419, 420 *726 [2005]; Allyn v Hanley, 2 AD3d 470, 471 [2003]; Lorthe v Adeyeye, 306 AD2d 252, 253 [2003]). Furthermore, the plaintiff failed to proffer competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (see Sainte-Aime v Ho, 274 AD2d 569, 570 [2000]; DiNunzio v County of Suffolk, 256 AD2d 498, 499 [1998]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.