■ MARIA PEREZ, Plaintiff, and SANDRA BARRETO, Respondent, v JOSE G. SANTIAGO, Defendant, and SALVATORE BATTAGLIA et al., Appellants. [873 NYS2d 734]—

In an action to recover damages for personal injuries, the defendants Salvatore Battaglia and Michele Battaglia appeal from so much of an order of the Supreme Court, Kings County (Martin, J.), dated December 3, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Sandra Barreto on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Salvatore Battaglia and Michele Battaglia which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Sandra Barreto is granted.

The appellants established, prima facie, that the respondent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident through the submissions of the respondent's deposition testimony and the affirmed medical reports of their examining neurologist, orthopedist, and radiologist (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the respondent failed to raise a triable issue of fact. The unaffirmed report of the respondent's treating physician did not constitute competent medical evidence, and, in any event, was based upon examinations of the respondent made some three years prior to the motion for summary judgment (*see Batista v Olivo,* 17 AD3d 494 [2005]; *Frier v Teague,* 288 AD2d 177 [2001]; *Hand v Bonura,* 283 AD2d 608 [2001]; *Mohamed v Dhanasar,* 273 AD2d 451 [2000]). In addition, neither

the respondent nor the physician who examined her for purposes of opposing the summary judgment motion adequately discussed the three-year period of time between the cessation of her medical treatments and the more recent examination. Moreover, there was no competent medical evidence to substantiate the examining physician's claim of a bulging lumbar disc. Indeed, the respondent's own submissions indicated that the MRI taken shortly after the accident did not reveal any disc bulges or herniations, or any other injuries. Furthermore, the respondent failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498 [1998]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.