■ MELISSA J. D'AMATO, Respondent, v MARC T. MANDELLO, Appellant. [767 NYS2d 894]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 4, 2003, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is undisputed in this case that the plaintiff sustained disc herniations in the cervical spine before the accident occurred.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), thereby shifting the burden to the plaintiff to produce objective proof of a serious injury (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The affidavit of the plaintiff's medical expert was insufficient to defeat the motion for summary judgment. The medical expert did not indicate that he reviewed the actual MRI films taken before and after the subject accident in reaching his conclusion that "the impingement on the thecal sac and spinal cord at the C4-C5 level was increased" (see Harney v Tombstone Pizza Corp., 279 AD2d 609 [2001]; Friedman v U-Haul Truck Rental, 216 AD2d 266 [1995]). In addition, the plaintiff's medical expert failed to establish the duration of the alleged reduction in the plaintiff's cervical range of motion following the subject accident (see Beckett v Conte, 176 AD2d 774 [1991]). Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.