■ PATRICIA MASTACCIOULA et al., Appellants, v BARBARA SCIARRA, Respondent. [782 NYS2d 770]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated October 2, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Patricia Mastaccioula did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that the plaintiff Patricia Mastaccioula (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through an affirmation of her examining physician, the plaintiff's deposition testimony, and the plaintiff's medical records (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Hodges v Jones,* 238 AD2d 962 [1997]; *Fragale v Geiger,* 288 AD2d 431 [2001]). The affirmation of the plaintiff's physician failed to demonstrate the existence of a triable issue of fact. While the physician concluded that the plaintiff had a "moderate disability," he failed to set forth the tests that he used to arrive at this conclusion, or to quantify the results of those tests (*see Kauderer v Penta,* 261 AD2d 365 [1999]). In the absence of any objective medical evidence, the mere parroting of language designed to tailor the claim to meet statutory requirements is insufficient (*see Giannakis v Paschilidou,* 212 AD2d 502 [1995]).

Moreover, the plaintiff failed to submit any competent medical evidence to show that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.