■ BRUNILDA GUZMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [790 NYS2d 217]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated November 24, 2003, as granted the separate motions of the defendants New York City Transit Authority, M.A.B.S.T.O.A., and Alisa T. McCullough, and the defendants Santa Fe Transportation, Inc., and Peter L. Pierro for summary judgment dismissing the complaint insofar as asserted against them, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendants New York City Transit Authority, M.A.B.-

S.T.O.A., and Alisa T. McCullough (hereinafter collectively the TA defendants), and the defendants Santa Fe Transportation, Inc., and Peter L. Pierro (hereinafter collectively the Santa Fe defendants) made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the testimony of the plaintiff from the hearing pursuant to General Municipal Law § 50-h and her deposition, copies of the medical records of her treating physicians, and the affirmed medical reports of their own examining physicians (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Gleason v Huber,* 188 AD2d 581, 582 [1992]). In opposition, the affirmations of the plaintiff's medical experts were insufficient to raise a triable issue of fact. They failed to account for the gap of 3$^1$/$_2$ years between the conclusion of the plaintiff's initial medical treatments and their subsequent examinations (*see Jimenez v Kambli,* 272 AD2d 581, 582 [2000]; *Smith v Askew,* 264 AD2d 834 [1999]; *Dimenshteyn v Caruso,* 262 AD2d 348, 349 [1999]). The affirmation of Dr. Smith of the medical facility where the plaintiff was treated, submitted in the plaintiff's reply papers, attempting to explain this gap, lacked foundation in the plaintiff's medical records of her treatment at that facility. In addition, the plaintiff's medical experts failed to account for her history of injuries to her neck, right shoulder, and back from a previous accident (*see e.g. McNeil v Dixon,* 9 AD3d 481, 482-483 [2004]). Their conclusions appear to be based solely upon the plaintiff's subjective complaints of pain (*see Hammerling v Korn,* 8 AD3d 227, 228 [2004]; *Barrett v Howland,* 202 AD2d 383, 384 [1994]; *Malloy v Brisco,* 183 AD2d 704, 705 [1992]).

Accordingly, the Supreme Court properly granted the motions of the TA defendants and the Santa Fe defendants for summary judgment dismissing the complaint insofar as asserted against each of them. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.