■ WILLIAM PUERTO, Respondent, v MARTIN OMHOLT et al., Defendants, and ANTOINETTE S. FLECHA, Appellant. [794 NYS2d 117]—

In an action to recover damages for personal injuries, the defendant Antoinette S. Flecha appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated May 5, 2004, as, upon granting the plaintiff's motion for renewal, vacated a prior order of the same court dated September 9, 2003, and denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated May 5, 2004, is reversed insofar as appealed from, on the law, with costs, and upon renewal, the order dated September 9, 2003, granting the motion of the defendant Antoinette S. Flecha for summary judgment dismissing the complaint insofar as asserted against her is adhered to.

In support of her motion for summary judgment, the appellant, Antoinette S. Flecha, submitted the affirmed medical

reports of her experts stating that, based upon their examinations of the plaintiff, the plaintiff's injuries had completely resolved, there was no disability or impairment, and the plaintiff could perform his normal work and daily living activities without restriction or limitation. The appellant also submitted copies of the plaintiff's magnetic resonance imaging (hereinafter MRI) and X-ray reports which indicated the presence of only degenerative changes in the plaintiff's cervical and lumbar spine. This evidence was sufficient for the appellant to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he suffered a serious injury within the meaning of Insurance Law § 5102 (d).

It was clear from the report of the plaintiff's chiropractor that she improperly relied upon unsworn medical reports by other physicians in arriving at her diagnosis and conclusions (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]). Moreover, neither the plaintiff nor his chiropractor offered any explanation for the more than two-year gap between the conclusion of the plaintiff's treatments and the date the chiropractor reexamined him for purposes of opposing the summary judgment motion (*see Smith v Askew*, 264 AD2d 834 [1999]).

Accordingly, upon renewal, the Supreme Court should have adhered to its original determination. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.