■ WILLIE JACKSON, Appellant, v PIERRE COLVERT, Respondent. [805 NYS2d 424]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 29, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's arguments, the defendant's evidence, which consisted of the affirmed medical report of the defendant's examining orthopedist and the plaintiff's deposition testimony, was sufficient to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Batista v Olivo*, 17 AD3d 494 [2005]; *Grant v Fofana*, 10 AD3d 446 [2004]). The evidence presented by the plaintiff in opposition to

the motion, on the other hand, was insufficient to raise a triable issue of fact. The plaintiff's physician failed to adequately set forth the objective medical tests that he used to arrive at his conclusion that the plaintiff sustained a loss in the movement of the cervical and lumbar regions of his spine (*see Kauderer v Penta*, 261 AD2d 365 [1999]). Furthermore, the plaintiff's physician relied upon unsworn medical reports and records prepared by others in arriving at his determination (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]; *see also Mahoney v Zerillo*, 6 AD3d 403 [2004]; *D'Amato v Mandello*, 2 AD3d 482 [2003]; *Perovich v Liotta*, 273 AD2d 367 [2000]; *Williams v Hughes*, 256 AD2d 461 [1998]; *Merisca v Alford*, 243 AD2d 613 [1997]).

Moreover, the plaintiff did not present competent medical evidence to support his claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *see also Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.