■ KENOLD JOSEPH, Respondent, v RICHARDO LAYNE, Defendant, and DAVID ANTHONY NELMS et al., Appellants. [808 NYS2d 253]—

In an action to recover damages for personal injuries, the defendants David Anthony Nelms, Penske Truck Leasing Corporation, and Songbird Express appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated January 12, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs to

the appellants payable by the plaintiff, the appellants' motion is granted, upon searching the record, the motion of the defendant Richardo Layne for summary judgment dismissing the complaint insofar as asserted against him is granted, so much of the order dated January 12, 2005, as denied the motion of the defendant Richardo Layne is vacated, and the complaint is dismissed.

Contrary to the plaintiff's arguments, the evidence was sufficient to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Luckey v Bauch*, 17 AD3d 411 [2005]; *Sims v Megaris*, 15 AD3d 468 [2005], *lv denied* 5 NY3d 703 [2005]; *Check v Gacevk*, 14 AD3d 586 [2005]; *Paul v Trerotola*, 11 AD3d 441 [2004]; *Mastaccioula v Sciarra*, 11 AD3d 434, 435 [2004]). The plaintiff's evidence in opposition was insufficient to raise a triable issue of fact. The affirmation of the plaintiff's physician was based upon an examination of the plaintiff that was conducted two years after the cessation of medical treatments, and the plaintiff failed to account for this lapse in time (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Puerto v Omholt*, 17 AD3d 650, 651 [2005]; *Guzman v New York City Tr. Auth.*, 15 AD3d 541, 542 [2005]; *Smith v Askew*, 264 AD2d 834 [1999]). Moreover, there was no competent medical evidence to support a claim that the plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days immediately following the accident as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *see also Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

Although the defendant Richardo Layne did not appeal from the denial of his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground of a lack of serious injury, in light of the foregoing, upon searching the record, we award summary judgment to him as well (*see* CPLR 3212 [b]; *Kassim v City of New York*, 298 AD2d 431, 432 [2002]; *Hernandez v Linhart*, 290 AD2d 534, 535 [2002]; *Dinkle v Lagala*, 246 AD2d 624, 625 [1998]; *cf. Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Jason v Danar*, 1 AD3d 398, 399 [2003]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.