■ JIAN-YU ZHANG, Appellant, v QIANG WANG et al., Respondents. [808 NYS2d 340]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated July 2, 2004, which granted the defendants' separate motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants' evidence, which consisted of the affirmed medical reports of their examining physicians, was sufficient to establish, prima facie, that the plaintiff did not sustain a serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The plaintiff's evidence in opposition was insufficient to raise a triable issue of fact. There was no admissible evidence accounting for the lapse in time between the conclusion of the plaintiff's medical treatments and the examinations conducted by her experts (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Puerto v Omholt*, 17 AD3d 650 [2005]; *Guzman v New York City Tr. Auth.*, 15 AD3d 541 [2005]; *Smith v Askew*, 264 AD2d 834 [1999]). Furthermore, the plaintiff's physicians improperly relied upon the unsworn medical reports and records provided by others in arriving at their determinations (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]; *see also Mahoney v Zerillo*, 6 AD3d 403 [2004]; *D'Amato v Mandello*, 2 AD3d 482 [2003]; *Perovich v Liotta*, 273 AD2d 367 [2000]; *Williams v Hughes*, 256 AD2d 461 [1998]; *Merisca v Alford*, 243 AD2d 613 [1997]).

Moreover, there was no competent medical evidence to support a claim that the plaintiff was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *see also Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.