■ ALEKSANDR KARABCHIEVSKY, Appellant, v ASHANTI CROWDER et al., Respondents. [808 NYS2d 338]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated September 29, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the defendants' evidence, which consisted of the affirmed medical report of their examining physician and the plaintiff's deposition testimony, was sufficient to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Batista v Olivo*,

17 AD3d 494 [2005]; *Grant v Fofana,* 10 AD3d 446 [2004]). The plaintiff's evidence in opposition was insufficient to raise a triable issue of fact. The affirmation of the plaintiff's physician was based upon an examination of the plaintiff that was conducted two years after the cessation of medical treatments, and the plaintiff failed to account for this lapse in time (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Puerto v Omholt,* 17 AD3d 650 [2005]; *Guzman v New York City Tr. Auth.,* 15 AD3d 541 [2005]; *Smith v Askew,* 264 AD2d 834 [1999]). Furthermore, the plaintiff's physician relied upon unsworn medical reports provided by others in arriving at his determination (*see Friedman v U-Haul Truck Rental,* 216 AD2d 266 [1995]; *see also Mahoney v Zerillo,* 6 AD3d 403 [2004]; *D'Amato v Mandello,* 2 AD3d 482 [2003]; *Perovich v Liotta,* 273 AD2d 367 [2000]; *Williams v Hughes,* 256 AD2d 461 [1998]; *Merisca v Alford,* 243 AD2d 613 [1997]).

Moreover, there was no competent medical evidence to support a claim that the plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the 180 days immediately following the subject accident as a result of the accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *see also Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]; *Arshad v Gomer,* 268 AD2d 450 [2000]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.