■ CANIP TARHAN et al., Appellants, v KRIST KABASHI et al., Respondents. [844 NYS2d 89]—

In an action to recover damages for personal injuries, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 15, 2006, as granted those branches of the motion of the defendant Krist Kabashi which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against him by the plaintiff Nurcin Tarhan on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and granted those branches of the separate motion of the defendant Raif Yigit which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against him on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from so much of a judgment of the same court, entered August 1, 2006, as, upon the order, is in favor of the defendants and against them dismissing the first, second, and third causes of action. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d

241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In support of their motions for summary judgment, the defendants established prima facie their entitlement to judgment as a matter of law. The defendants demonstrated that the plaintiffs' injuries were not serious through the submission of the plaintiffs' deposition testimony and the affirmed reports of the orthopedist, neurologist, and radiologist who examined them and determined that there was no evidence of any injury sustained in the accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition to the motions, the plaintiffs failed to raise a triable issue of fact as to whether either of them sustained a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiffs' medical expert improperly relied upon unsworn magnetic resonance imaging reports by another physician in arriving at his diagnosis and conclusions (*see Puerto v Omholt,* 17 AD3d 650, 651 [2005]). Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.