■ ALVIN L. GARRISON, as Administrator of the Estate of JESSICA OUTEN, Deceased, Respondent, v J. GERALD QUIRK et al., Defendants, and ADAM BUCKLEY et al., Appellants. [991 NYS2d 334]—

In an action to recover damages for medical malpractice, the defendants Adam Buckley, University Associates in Obstetrics & Gynecology, P.C., also known as University Physicians at Stony Brook, Joy Schabel, and Stony Brook Anesthesiology, P.C., also known as University Physicians at Stony Brook, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 19, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A physician moving for summary judgment dismissing a

complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any alleged departure was not a proximate cause of the plaintiff's injuries" (*Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823, 825 [2012]). "The burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only upon the defendant physician's meeting the initial burden, and only as to the elements on which the defendant met the prima facie burden" (*id.* at 825 [citation omitted]). Here, as the Supreme Court correctly determined, the moving defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law. In forming their opinions, the moving defendants' medical experts did not examine the plaintiff's decedent but relied upon, inter alia, medical reports and medical records that were not annexed to the motion (*see LaVecchia v Bilello*, 76 AD3d 548 [2010]; *Farmer v City of New York*, 25 AD3d 649, 650 [2006]; *see also Jian-Yu Zhang v Qiang Wang*, 24 AD3d 611, 612 [2005]). Although the moving defendants contend that they provided the Supreme Court with a CD-R containing the medical records relied upon by their experts, there is no evidence that the CD-R provided to the court properly contained the certified medical records, or was even readable by the court (*see* CPLR 2214 [c]; *Loeb v Tanenbaum*, 124 AD2d 941, 942 [1986]; *see generally* 22 NYCRR 202.5 [b]). Moreover, even if a readable CD-R was previously submitted to the court in connection with an earlier motion in this case, the Supreme Court should "not be compelled, absent a rule providing otherwise, to locate previously submitted documents in the electronic record in considering subsequent motions" (*Biscone v JetBlue Airways Corp.*, 103 AD3d 158, 179 [2012]). The moving defendants' remaining contentions are without merit. Therefore, the Supreme Court correctly denied the motion. Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.