■ KETLENE CHARLES, Appellant, v VENESSA SAMUELS et al., Respondents. [9 NYS3d 643]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Rothenberg, J.), dated December 20, 2012, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2), as limited by her brief, from so much of an order of the same court dated October 24, 2013, as, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the order dated December 20, 2012, is dismissed, as that order was superseded by the order dated October 24, 2013, made upon reargument and renewal; and it is further,

Ordered that the order dated October 24, 2013, is reversed insofar as appealed from, on the law, and, upon reargument and renewal, the order dated December 20, 2012, is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In support of their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), the defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation from the plaintiff's physician failed to set forth the medical tests that she used to arrive at her conclusion that the plaintiff sustained a loss in the movement of the cervical and lumbar regions of her spine (*see Jackson v Colvert*, 24 AD3d 420, 421 [2005]).

Upon renewal and reargument, however, the plaintiff raised triable issues of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *cf. Jackson v Colvert*, 24 AD3d at 421). In this regard, the plaintiff submitted a supplemental affirmation from her physician, which set forth the medical tests that she employed to arrive at her conclusion that the plaintiff sustained a loss in the movement of the cervical and lumbar regions of her spine. Accordingly, upon renewal and reargument, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.